BILLY BARNES SMITH *v.* STATE OF INDIANA

[No. 1077S764. Filed December 20, 1978.]

*Harriette Bailey Conn, [Mrs.]*, Public Defender of Indiana, *K. Richard Payne*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Wesley T. Wilson*, Deputy Attorney General, for appellee.

GIVAN, C.J. — Appellant was convicted in 1971 of first degree murder. His conviction was affirmed by this Court. *Smith v. State*, (1972) 259 Ind. 187, 285 N.E.2d 275. He subsequently filed a post-conviction petition which was denied by the trial court. The sole issue in the present appeal is the allegation that he was inadequately represented by his trial counsel.

The petitioner in a post-conviction proceeding has the burden of establishing his grounds for relief by a preponderance of the evidence. Indiana Rules P.C.R. 1, § 5. The presumption that counsel has been competent can only be overcome by strong and convincing evidence that the trial as a whole was reduced to a mockery of justice as a result of the actions or inactions of counsel. *Roberts v. State*, (1977) 266 Ind. 72, 360 N.E.2d 825; *Blackburn v. State*, (1973) 260 Ind. 5, 291 N.E.2d 686. In the absence of "a glaring and critical omission or a succession of omissions evidencing in their totality a mockery of justice, this Court will not attribute a criminal conviction or affirmation to ineffective representation." *May v. State*, (1975) 263 Ind. 690, 693, 338 N.E.2d 258, 260. Mere allegations of incompetence, even if unrefuted by the State, are not alone sufficient to rebut the strong presumption that counsel has been competent. *Kerns v. State*, (1976) 265 Ind. 39, 349 N.E.2d 701.

Appellant requests us to overrule the above law and to adopt a standard of "reasonably competent assistance of counsel acting as a diligent conscientious advocate." Although some courts have seen fit to adopt

this standard, we decline to do so. See *Cottingham v. State*, (1978) 269 Ind. 261, 379 N.E.2d 984.

The record in this case is minimal at best. No portions of the transcript from the original trial are included. The sole witness was the appellant. He testified that he was represented by three different attorneys. Yet, he states because of poor eyesight he was unable to tell which attorney actually represented him at his trial. He claims he was not informed and did not approve of a filing of a plea of not guilty by reason of insanity and that he did not know whether he ever made the plea before a judge in open court. He further testified that he asked his attorneys to contact certain witnesses to testify on his behalf but that they could not be contacted.

The trial court had appointed two psychiatrists to examine the appellant. One reported that he was unsure about appellant's sanity, while the other reported his opinion to be that appellant was insane at the time of the crime. The attorney representing appellant was obviously acting in the best interests of his client in filing the plea on appellant's behalf. The reports of the psychiatrists sufficiently justify the action.

Regarding the alleged failure to call certain witnesses, appellant has not shown that his counsel failed to interview witnesses, nor does he set out any exculpatory evidence he failed to discover. In the absence of such proof, it cannot be said that the failure to call witnesses amounted to a mockery of justice. *Kerns v. State*, (1976) 265 Ind. 39, 42, 349 N.E.2d 701, 703.

The trial judge in this case found that appellant's attorney was competent and that appellant was apprised of and understood the various motions and pleas entered. This determination will be reversed only where the evidence is without conflict and leads unerringly to the opposite conclusion. *Carroll v. State*, (1976) 265 Ind. 423, 355 N.E.2d 408. The record in this case is sufficient to support the trial court's decision.

The judgment is affirmed.

Hunter, Pivarnik and Prentice, JJ. concur.

DeBruler, J. concurs in result.

NOTE—Reported at 383 N.E.2d 324.