**Peter Hartzel FRY, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 4-382A52.**

Court of Appeals of Indiana,
Fourth District.

Oct. 13, 1982.

Rehearing Denied Dec. 6, 1982.

Edward C. Hilgendorf, South Bend, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Peter Hartzel Fry appeals his jury conviction for Burglary, a Class B felony under Ind.Code 35-43-2-1.[1]

We affirm.

ISSUES

1. Did the trial court err in refusing to read two jury instructions concerning lesser included offenses and trespass?

2. Is there sufficient evidence to sustain the verdict?

FACTS

The facts most favorable to the verdict are: On May 1, 1981, Fry and another boy kicked open the door of Elmer Haase's residence in South Bend. The house was ransacked and valuable goods were stacked in the stairway. The boys were arrested while attempting to escape out a basement window. While Fry claims he committed the burglary under duress from a club, the "Headstones," of which he was a member, there was only one other group member with Fry at the time of the burglary and he was not physically afraid of that member.

---

1. Since the crime was committed in 1981 it is governed by the pre-1982 amendment version of the statute:

A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a Class A felony if it results in either bodily injury or serious bodily injury to any other person. IC 35-43-2-1 (Supp.1981).

Two hours had passed since the group leader had threatened Fry that he must commit this burglary or be beaten up.

## DISCUSSION AND DECISION

### I. Jury Instructions

██ Fry argues the trial court erred in refusing to read two tendered jury instructions: one defining lesser included offenses and the other defining criminal trespass.

The issue presented here is whether criminal trespass[2] is a lesser included offense of burglary. Recently, the Indiana Supreme Court clarified this area of law. In *Jones v. State,* (1982) Ind., 438 N.E.2d 972, the court held:

"Although the crime of criminal trespass is not inherently included in the crime of burglary, looking at both the statutes and the instrument by which the defendant was charged,[3] it is clear that if he was guilty of the burglary, he was also guilty of criminal trespass. However, when we examine the evidence, step two of the procedure,[4] we look to see if there was

probative evidence that he committed a criminal trespass and either affirmative evidence that he did not commit a burglary or an absence of probative evidence that he did.

"The State's evidence disclosed that the defendant was one of the three who burglarized the office of Stewart Insurance Agency, Inc. The evidence was clearly sufficient to sustain a verdict of guilty. The only evidence presented to the contrary was the testimony of the defendant. He testified that he had been drinking alcoholic beverages and smoking marijuana, both very heavily for approximately three hours immediately prior to the arrest of himself and his accomplices at the scene of the crime. He further testified that he was in a drunken stupor and did not know what was happening at the time of his arrest, in the doorway of the office, and immediately prior thereto. He also denied having entered the premises.

---

2. Criminal trespass is defined in Ind.Code 35–43–2–2 (Supp.1981):

   (a) A person who:

   (1) not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person or his agent;

   (2) not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or his agent;

   (3) accompanies another person in a vehicle, with knowledge that the other person knowingly or intentionally is exerting unauthorized control over the vehicle;

   (4) knowingly or intentionally interferes with the possession or use of the property of another person without his consent; or

   (5) not having a contractual interest in the property, knowingly or intentionally enters the dwelling of another person without his consent;

   commits criminal trespass, a Class A misdemeanor.

   (b) A person has been denied entry under subdivision (a)(1) of this section when he has been denied entry by means of:

   (1) personal communication, oral or written; or

   (2) posting or exhibiting a notice at the main entrance in a manner that is either prescribed

by law or likely to come to the attention of the public.

3. In the *Jones* case and the case at bar, both the charging informations and tendered instructions were virtually identical.

4. Under the Indiana Supreme Court's decision in *Lawrence v. State,* (1978) 268 Ind. 330, 375 N.E.2d 208, there are two steps for determining the propriety of giving an instruction on a lesser included offense.

   "The first of these is to examine the two statutes creating the alleged greater and lesser offenses and the charging information or indictment and to determine therefrom whether 'a conviction of the crime charged necessitates proof of all the essential elements of the lesser offense, together with the added element which makes the difference in the two offenses.' *Watford v. State,* (1957) 237 Ind. 10, 143 N.E.2d 405. If such added element does not exist or such proof is not necessitated, the additional test is not satisfied and an instruction regarding such lesser offense should in no case be given."

   Secondly, "an instruction upon a lesser and included offense is properly given if there is 'evidence of probative value from which the jury could properly find the defendant guilty of such lesser included offense.'" *Id.* at 338, 375 N.E.2d at 212–13.

"If the defendant's testimony were to be believed, he not only would have lacked the capacity for entertaining an intent to commit the theft charged as an element of the burglary, he also would have been incapable of the intent or knowledge requisite to the commission of criminal trespass and further that he had made no entry.

"Had Defendant presented no evidence, he might logically argue that he was entitled to the tendered instruction upon the theory that the State had the burden to prove both the trespass and the felonious intent and that the jury was at liberty to believe that the trespass had been proved but that the intent had not. However, by proffering a defense that was incompatible with such theory, he foreclosed such entitlement. As in *Lawrence v. State,* *supra,* there was no serious dispute that a burglary had been committed by three men. Under the State's evidence, Defendant was one of the three. Under Defendant's evidence, he was not involved. The tendered instruction was, therefore, inapplicable to the evidence."

Here, Fry's defense was he acted under duress. He claimed the other group members would beat him up if he did not commit this burglary. This defense is similar to that of intoxication. Under both theories, if the defense was believed, the defendant would be found not guilty of either crime, burglary or criminal trespass. Therefore, Fry's evidence was "incompatible with such a theory" of criminal trespass. There was no error here.

## II. Sufficiency of Evidence

Next Fry argues there was insufficient evidence to sustain the conviction because he acted under duress. Under Ind. Code 35–41–3–8, it is a defense to certain crimes that the person acted under duress.[5] However, that statute provides the defense is not available when the person "recklessly, knowingly, or intentionally placed himself in a situation in which it was foreseeable that he would be subjected to duress."

The State argues the defense was not available to Fry because "he recklessly exposed himself to physical threats and entreaties to commit crimes by joining a street gang." Furthermore, the State claims the alleged threats of physical harm were not imminent because they were made two hours before the burglary. Fry testified he was not in fear of the club member who broke into the home with him. Also, he told the police officer he took part in the burglary merely "to be in good standing" with his group. This evidence is sufficient to sustain the conviction.

Judgment affirmed.

YOUNG, P. J., and MILLER, J., concur.

5. IC 35–41–3–8 (Supp.1981) provides:

"(a) It is a defense that the person who engaged in the prohibited conduct was compelled to do so by threat of imminent serious bodily injury to himself or another person. With respect to offenses other than felonies, it is a defense that the person who engaged in the prohibited conduct was compelled to do so by force or threat of force. Compulsion under this section exists only if the force, threat, or circumstances are such as would render a person of reasonable firmness incapable of resisting the pressure.

"(b) This section does not apply to a person who:

"(1) recklessly, knowingly, or intentionally placed himself in a situation in which it was foreseeable that he would be subjected to duress; or

"(2) committed an offense against the person as defined in IC 35–42."