**Johnny HOLLAND, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 381S70.

Supreme Court of Indiana.

Feb. 17, 1983.

Susan K. Carpenter, Public Defender, James G. Holland, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) is serving a sentence of life imprisonment upon a conviction of Felony Murder (Robbery), Ind.Code § 35–13–4–1(a) (Burns 1975). His direct appeal is reported at *Holland v. State,* (1976) 265 Ind. 216, 352 N.E.2d 752. This appeal from the denial of post conviction relief presents one issue. After acknowledging our standard of review in post conviction proceedings, Defendant contends that he was denied the effective assistance of counsel in three respects: a) Counsel failed to tender a written instruction upon the lesser included offense of Robbery; b) Counsel failed to request a change of venue from the judge; c) Counsel failed to investigate the case adequately.

A.

At trial, counsel objected to the proposed verdict forms for failure to include Robbery as a lesser included offense of Felony Murder. He did not thereafter tender a written instruction. In responding to this issue on direct appeal, we noted the failure to tender a written instruction and ruled that Petitioner could not, therefore, complain that an instruction upon Robbery had not been given.

Petitioner now contends that his counsel had been ineffective in that he had failed to tender the instruction and that the jury assertedly could have believed that the commission of the Robbery was not related to the commission of the homicide.

Petitioner's case falls within the rule stated in *Hester v. State,* (1974) 262 Ind. 284, 288–89, 315 N.E.2d 351, 354, which

discusses a claim that the jury should have been instructed upon Robbery as a lesser included offense of Felony Murder where the accused had interposed an insanity defense. We there ruled that, inasmuch as the State's evidence pointed to the accused's guilt and his evidence claimed insanity, there was no evidence to which the lesser included offense instruction was applicable. In the case at bar, Petitioner asserted self defense, and that theory was presented to the jury via his tendered instructions. Consequently, Petitioner was either guilty of Felony Murder as charged or not guilty of a homicide at all. *See Jones v. State,* (1982) Ind., 438 N.E.2d 972, 976–77. (Defendant's evidence of intoxication was incompatible with guilt upon asserted lesser included offense); *Fry v. State,* (1982) Ind.App., 440 N.E.2d 1133, 1135 (Defendant's evidence of duress was incompatible with guilt upon asserted lesser included offense).

Additionally, at the post conviction hearing, counsel explained the time constraints and pressure of trial and that, while hindsight favored having tendered the instruction, he did not "think it was an error of much magnitude, because I think at the time (1975) the law was against me or against that instruction." As we have held above, counsel's understanding of the law was not inaccurate. Petitioner has not sustained his burden of showing that counsel was ineffective upon this issue.

### B.

▮ Petitioner next argues that counsel had an obligation to seek a change of venue from the judge who presided over the trial. Counsel had represented a party in a disciplinary matter against the judge. *In Re Evrard,* (1974) 263 Ind. 423, 317 N.E.2d 841. Counsel's involvement in that matter ended before a hearing was held upon its merits and prior to Petitioner's trial.

At the post conviction hearing, counsel explained that prior to trial he had informed the petitioner of the prior representation and they had discussed the advisability of taking a change from the judge. Petitioner, however, had informed counsel

that he did not want a change of judge. Counsel memorialized Petitioner's expression in a handwritten statement dated March 7, 1975, which he signed. The document was admitted into evidence without objection.

Petitioner, aware of the contents of the record, nevertheless asserts that counsel should have secured a change from the judge "to remove any doubt" about the judge's impartiality. The unrefuted evidence in the record is that the judge was not partial against counsel:

"A. * * * My experience with Judge Evrard, after the case, was that he was such a big-minded person, such a fine, forgiving person, that he has never done the slightest thing to me nor done the slightest thing that would indicate that he held it against me in any way. In fact, I have always been sort of flabbergasted that he was so totally forgiving after the transaction was over. I found him to be a very good trial judge, good lawyer. I think his strongest point, however, is his fine judicial temperment. He lets you try the case. He doesn't jump you with both feet like some judges do. * * *." R. at 152.

The record shows that the failure to move for a change of judge was a tactical decision in which Petitioner participated. Again, Petitioner has not sustained his burden upon this assertion of ineffective assistance of counsel.

### C.

▮ At the post conviction hearing Petitioner called witnesses, who testified that had they been called at the trial, they would have stated that he and the decedent had been acquainted before the homicide. He does not explicitly reveal the relevance of this information; however, it appears that from such an acquaintance the jury might have inferred Petitioner's knowledge of the decedent's arrest record for assaults or alternatively, that the witnesses' testimony would have provided the foundation for admission of the decedent's arrest record. On direct appeal we found the requisite foun-

dation lacking. 265 Ind. at 226–27, 352 N.E.2d at 759.

Petitioner admits that there is no evidence that his attorney knew the identities of the aforementioned witnesses, but claims, without citation to the record, that counsel conducted no independent investigation and therefore that his actions in "following-up" the two names provided by Defendant were "merely perfunctory." The record discloses that counsel interviewed his client, investigated the information available, and formed and executed a strategy for the defense. The record contains nothing, which reveals ineffective assistance of counsel upon this claim. *Walker v. State,* (1982) Ind., 442 N.E.2d 696, 698; *Smith v. State,* (1978) 270 Ind. 93, 95, 383 N.E.2d 324, 326; *Harrison v. State,* (1975) 166 Ind.App. 602, 616–17, 337 N.E.2d 533, 542, *trans. denied,* (1976) 264 Ind. 708, 344 N.E.2d 293. *See Rector v. State,* (1976) 264 Ind. 78, 86, 339 N.E.2d 551, 557.

Finally, Petitioner contends that counsel should have called a certain deputy sheriff to testify at the trial. At the post conviction hearing, the deputy testified that Petitioner had related his version of the shooting to him and accompanied it with an admonition to remain silent. Petitioner testified that he had told counsel that he would release the deputy from the vow of silence. Counsel, however, testified that he had spoken with the deputy and had determined that his testimony would not be helpful. Petitioner asserts that this was the only witness who could have placed his version of the incident before the jury and that, therefore, the decision not to call the deputy could not be deemed to be tactical.

We need not consider Defendant's claim. The deputy's testimony at the post conviction hearing related the Petitioner's statements to him. They were self-serving declarations and, consequently, not admissible. *Marts v. State,* (1982) Ind., 432 N.E.2d 18, 24; *Cain v. State,* (1973) 261 Ind. 41, 44, 300 N.E.2d 89, 91. *See Hernandez v. State,* (1982) Ind., 439 N.E.2d 625, 628–29. "* * * Petitioner had the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law." (Citations omitted). *Neville v. State,* (1982) Ind., 439 N.E.2d 1358, 1360.

Defendant has shown no error in the findings or conclusion of the trial court. The judgment is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.