106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John M. HOLLAND, Petitioner-Appellant,
v.
Craig HANKS, Respondent-Appellee.
 No. 95-3942.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1996.*
Decided Jan. 27, 1997.
 
 Before MANION, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 John Holland ("Holland") challenges his confinement at the Wabash Valley Correctional Institute ("WVCI")[1] pursuant to 28 U.S.C. § 2254, arguing that he was deprived of his Sixth Amendment right to the effective assistance of counsel. Because the district court correctly denied his petition, we affirm.
 
 
 2
 While serving a life sentence in Kentucky (for an unrelated offense), Holland was indicted for murder in Indiana. After being temporarily released to the custody of Indiana to stand trial on the Indiana charges, Holland was convicted and sentenced to life imprisonment in Indiana for committing Second Degree Murder and Murder in the Commission of a Robbery (the Second Degree Murder conviction was vacated on appeal). See Holland v. State, 352 N.E.2d 752 (Ind.1976). After the trial he was returned to Kentucky where he served the Kentucky and Indiana life sentences concurrently. Although Kentucky granted him parole in 1987, he was not released. Instead, the governor of the state delivered him to the custody of the Indiana bureau of prisons to complete the remainder of his Indiana life sentence.
 
 
 3
 This is not Holland's first habeas petition. Promptly after his direct criminal appeal, Holland filed a habeas petition challenging his Indiana conviction and sentence. It was dismissed by the district court (and we affirmed) for failure to exhaust his state post-conviction remedies. Approximately ten years later, after he was paroled by Kentucky and extradited to Indiana, Holland again sought federal habeas relief after appropriately exhausting his state court collateral remedies challenging his extradition.[2] (R. at 13, Ex. 10.) The district court found there was no basis for habeas relief because Holland failed to challenge either his conviction or sentence, and because the propriety of Holland's extradition was a matter within the discretion of Kentucky's governor.[3]
 
 
 4
 Holland's third § 2254 petition raised ineffective assistance of counsel claims and was filed in June of 1995,[4] more than ten years after the state courts rejected his claims, see Holland v. State of Indiana, 444 N.E.2d 1190, 1191 (Ind.1983), and approximately two months after he filed his second § 2254 petition challenging his extradition. In this petition, Holland claimed that he was entitled to habeas relief due to his counsel's ineffectiveness in representing him while suffering from an undisclosed conflict of interest, in failing to seek removal of Holland's trial judge based on judicial bias, and in failing to tender a written instruction for robbery. After procuring an extension of time to respond to the district court's order to show cause, the state argued that Holland was not entitled to habeas relief on the merits, and that Holland's third habeas petition should, nevertheless, be dismissed, as an abuse of the writ under Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Holland argued that the state should be precluded from relying on the abuse of the writ defense because the state failed to mention this defense when it asked for an extension, and because he somehow was misled into believing that he was required to challenge his extradition and his conviction separately. He also argued that his first petition, which was dismissed for procedural reasons, should be overlooked because he did not realize the need for exhaustion of state remedies. Furthermore, he claimed that the district court should have consolidated his latest petitions on its own or that it should have instructed him to file an amended petition when he filed his third petition because, at the time, the second petition was still pending.
 
 
 5
 Although the district court found the state's abuse of the writ defense unpersuasive, it dismissed Holland's petition on the merits because Holland failed to show that his counsel performed deficiently or that he suffered any prejudice due to counsel's representation.[5] On appeal, Holland contends that the district court should have presumed that Holland was prejudiced by his counsel's undisclosed conflict of interest that prevented meaningful adversarial testing of the prosecution's case. In support of this argument, Holland notes that prior to representing him, his counsel represented the prosecutor in a disciplinary action against his trial judge, Judge Evrard. See In re Evrard, 317 N.E.2d 841 (Ind.1974). Although the disciplinary charges were dismissed, Holland believes that his trial counsel was torn between zealously representing him and attempting to regain favor from the judge. He points to his counsel's closing argument as evidence that counsel abandoned his role as a zealous advocate.[6] In addition to his counsel's poor performance in front of Judge Evrard, Holland claims his counsel was ineffective in failing to request a new judge.
 
 
 6
 Although a defendant alleging ineffective assistance of counsel must normally demonstrate both that his counsel's representation fell below an objective standard of reasonableness and that this deficient performance so prejudiced his defense that the resulting proceedings against him were fundamentally unfair and unreliable, Strickland, 466 U.S. at 687-88, no specific showing of actual prejudice is required where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing. See United States v. Cronic, 466 U.S. 648, 659 (1984); Davis v. Alaska, 415 U.S. 308 (1974); Enoch v. Gramley, 70 F.3d 1490, 1503 (7th Cir.1995) ("[W]here there has been an actual or constructive denial of assistance of counsel altogether, the defendant does not need to establish prejudice."), cert. denied, --- S.Ct. ----, No. 95-8859 (U.S. Oct. 7, 1996). The district court refused to presume prejudice, noting that Holland was informed of his counsel's prior involvement in the Evrard proceedings and nevertheless expressed a preference for Judge Evrard because he thought Judge Evrard would impose a lenient sentence. But Holland states that he did not learn of his counsel's involvement in the Evrard proceedings until after he expressed his preference for Judge Evrard. Hence, he contends that he did not knowingly waive seeking a new judge, and that he is in the same position as the defendant in Walberg v. Israel, 766 F.2d 1071, 1074 (7th Cir.1985), whose defense was so egregiously impeded (due to a conflict between his attorney and the judge) that he was entitled to habeas relief.
 
 
 7
 Unlike the situation in Walberg, Holland's counsel was not effectively precluded from presenting a defense. Nor does the record suggest that Holland's counsel abandoned his role as Holland's advocate. Indeed, Holland's counsel testified at the state post-conviction hearing that he did not feel impeded in his ability to represent clients before Judge Evrard:
 
 
 8
 My experience with Judge Evrard, after the [disciplinary] case, was that he was such a big minded person, that he has never done the slightest thing to me nor done the slightest thing that would indicate that he held it against me in any way. In fact, I have always been sort of flabber-gasted that he was so totally forgiving after the transaction was over. I found him to be a very good trial judge, good lawyer. I think his strongest point, however, is his fine judicial temperament. He lets you try the case. He doesn't jump you with both feet like some judges do.
 
 
 9
 (Tr. at 152.) Moreover, it is strained to conclude that Holland's counsel cowered from his duty to defend Holland in an effort to make amends with Judge Evrard. Counsel's metaphorical statement in closing argument that Holland's coconspirators threw him out of the boat does not amount to an unconstitutional concession of a disputed issue. See United States v. Swanson, 943 F.2d 1070, 1074 (9th Cir.1991) (defense counsel's concession in closing argument that no reasonable doubt existed that would preclude conviction is presumed prejudicial). Because Holland failed to demonstrate either that his counsel was constructively without counsel or that his counsel deficiently performed and prejudiced his defense, Holland's ineffective assistance of counsel claim based on his counsel's undisclosed alleged conflict of interest fails. See Strickland, 466 U.S. at 687-88; United States v. Slaughter, 900 F.2d 1119, 1124-25 (7th Cir.1990).
 
 
 10
 For the same reasons, we reject Holland's argument that his counsel performed deficiently in failing to seek a change in venue from the judge who presided over his trial.[7] Again, pointing to his counsel's involvement in the Judge Evrard disciplinary action, Holland contends that he is necessarily entitled to habeas relief pursuant to this court's reasoning in Walberg. The assumption underlying his argument is that Judge Evrard would retaliate against Holland's attorney by abandoning his duty of judicial impartiality when sentencing Holland. Yet, Holland has not pointed to any conduct of Judge Evrard resembling that of the judge in Walberg who was so hostile to counsel during the trial "as to doom the client to defeat" and "deprive[ ] the client of an impartial tribunal." Walberg, 766 F.2d at 1077. Moreover, Holland has not complained that any ruling made during the course of his jury trial was biased in favor of the government. Indeed, as noted by the state, Judge Evrard imposed the more lenient life sentence rather than the death penalty as allowed under Indiana law at that time. (Resp.Br. at 12.) Because Holland has not demonstrated actual judicial bias, Holland's counsel was not ineffective in not seeking Judge Evrard's removal. See Tyson v. Trigg, 50 F.3d 436, 441 (7th Cir.1995) ("The right to a judge who is free from the mere appearance of partiality is not part of due process at all, let alone a fundamental part."), cert. denied, 116 S.Ct. 697 (1996) (citing Del Vecchio v. Illinois Dept. of Corrections, 31 F.3d 1363, 1380 (7th Cir.1994) (en banc)); Walberg, 766 F.2d at 1076-77 (noting that the statutes that require removal of judges for bias, prejudice, or conflict of interest, 28 U.S.C. §§ 144, 455, require actual bias or prejudice as opposed to the mere appearance of bias or prejudice).
 
 
 11
 Finally, we reject Holland's claim that he is entitled to habeas relief because his counsel failed to tender verdict forms to the jury that included the lesser offense of robbery. Holland contends that the jury could have believed (based on the evidence at trial) that the commission of the robbery was not related to the commission of the homicide, and thus convicted him of robbery rather than felony murder. Regardless of Holland's assessment of the evidence, Indiana law prohibited the robbery instruction because it was inconsistent with his claim of self-defense. Holland attempts to circumvent this state law by asserting that " 'self-defense' was never claimed by the Appellant nor did Appellant raise 'self-defense' during his trial." (Pet.'s Reply Br. at 3). However, this statement is directly contradicted by Holland's statement in his opening brief that he "repeatedly said to others that the shooting was in self-defense." (Pet.'s Br. at 17-18). Similarly, he admitted his self-defense theory in his traverse to the state's response to the district court's rule to show cause why the court should not grant Holland's habeas petition. (R. at 13, p. 13) ("In this case, Holland asserted self defense and denied any part in the Robbery."). Consequently, we agree that Holland's counsel was not ineffective in failing to tender an instruction that would have been prohibited under Indiana law.
 
 
 12
 Based on the foregoing analysis, we conclude that Holland has failed to demonstrate his right to habeas relief predicated on "clearly established" legal interpretations on constitutional law. Teague, 489 U.S. at 306; See Strickland, 466 U.S. at 687-88. Accordingly, we AFFIRM the judgment of the district court dismissing Holland's habeas petition with prejudice.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Pursuant to Fed.R.App.P. 43(c), the caption has been changed to reflect the change of superintendent at the WVCI
 
 
 [2]
 Holland challenged his extradition to Indiana in Kentucky state courts until 1993 when extradition was granted. He then sought relief in Indiana courts. In affirming the trial court's dismissal of his claim, the Indiana appellate court found that it lacked authority to reverse the extradition decision because the propriety of that decision was a matter that should have been (and was) litigated in the Kentucky courts. (R. at 13, Ex. 10.)
 
 
 [3]
 We affirmed in an unpublished order, Holland v. Hanks, No. 95-3032, (7th Cir. Dec. 23, 1996)
 
 
 [4]
 Although it is not clear why Holland waited until 1995 to file a federal habeas petition on the ineffective assistance claim that he exhausted in the state courts in 1983, we presume that he did not feel compelled to pursue his federal petition until the conclusion, in 1993, of the Kentucky state court proceedings regarding his extradition. Although the State alleged prejudice before the district court due to this delay, the State has not argued this delay as ground for affirmance. See Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts. In any event, there is no need to consider this argument because Holland has not demonstrated a right to relief under § 2254(d)
 
 
 [5]
 Although the state did not renew its Rule 9(b) abuse of the writ defense on appeal, a similar provision was enacted, after Holland filed his third habeas petition, in the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214. Under the new Act, a second (or third, etc.) petition must be dismissed unless it presents a claim that either "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable," or that is based on facts that could not have been discovered earlier "through the exercise of due diligence" and if proved would "establish by clear and convincing evidence, that, but for constitutional error, no reasonable fact finder would have found the [petitioner] guilty of the underlying offense." Id. § 106(b)(2), 110 Stat. at 1220-21 (to be codified at 28 U.S.C. § 2244(b)(2)). See Roldan v. United States, 96 F.3d 1013, 1014 (7th Cir.1996) (noting that the "substantive standards of the of the new provision could be applied to pending cases, in lieu of the rules for identifying abuse of the writ")
 Although the state has not argued the applicability of the new Act, see Hogan v. Carter, 97 F.3d 189, 192 (7th Cir.1996) (acknowledging that state may forfeit benefit of new habeas law by failing to invoke it), we held, in Lindh v. Murphy, 96 F.3d 856, 867 (7th Cir.1996) (en banc), that the new Act generally applies retroactively, except in narrow circumstances not present here, see Burris v. Parke, 95 F.3d 465, 467-69 (7th Cir.1996) (en banc) (finding new habeas law did not apply where petitioner detrimentally relied on prior law and reasonably believed that the state would forego the abuse of the writ defense). However, the outcome of this case would be the same even if the Act were not applied retroactively. Even under the old law, Holland's claim collapses because he failed to demonstrated a right to relief predicated on "clearly established" legal interpretations of constitutional law. See Teague v. Lane, 489 U.S. 288, 306 (1989); Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 [6]
 Holland's counsel stated to the jury that "[w]hat we have here is three (3) people in a life boat with just enough food for two (2) people to survive so they had to throw Holland out of the boat." Although the state argues that Holland procedurally defaulted this argument by failing to raise it below, our review of the record indicates that Holland indeed presented this language before the district court to demonstrate that his counsel failed to effectively represent him. (R. at 13.)
 
 
 [7]
 Holland attempts to raise an independent judicial bias claim on appeal by arguing that he was deprived of a "far olde[r] right than just his right to the effective assistance of counsel--the right to an unbiased judge." (Pet.'s Br. at 15-16). In the courts below, however, he merely relied on his allegations of judicial bias to support his Sixth Amendment claim. Hence, we consider the judicial bias allegations in the context of Holland's ineffective assistance of counsel claims