Harrison E. WELLS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1281S366.

Supreme Court of Indiana.

Dec. 3, 1982.

John B. Wilson, Jr., Nashville, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Harrison E. Wells was charged in the Shelby Superior Court with the crimes of burglary, theft and receiving stolen property and was alleged to be a habitual criminal offender. A jury found Appellant guilty of receiving stolen property, a class D felony, and further found him to be a habitual criminal. The trial court subsequently sentenced Appellant to four years imprisonment for his receiving stolen property conviction and to thirty years for being a habitual offender. Appellant now directly appeals, raising the following three issues:

1. whether theft and receiving stolen property are the same offense such that

Appellant's acquittal of his theft charge necessitates as a matter of law an acquittal of his receiving stolen property charge, and whether the trial court erred by refusing to give Appellant's tendered instruction on conversion as a lesser included offense of both theft and receiving stolen property;

2. whether the mandatory thirty year sentence imposed upon Appellant is so disproportionate to his underlying offense as to be unconstitutional; and

3. whether the trial court erred by denying Appellant's request to instruct the jury on the sentencing provision of the habitual offender statute.

The evidence shows that on December 24, 1980, the Ace Hardware Store in Shelbyville, Indiana, was burglarized. Many items of property were also taken from the store coincidental to the burglary. Several people subsequently admitted to having committed the burglary and theft. At Appellant's trial, these same people testified that Appellant was one of the perpetrators of the burglary and theft with them. Appellant denied that he participated in the crimes and specifically denied that he had received any of the property stolen from the store.

I

The jury found Appellant not guilty of burglary and not guilty of theft. The jury did, however, find Appellant guilty of receiving stolen property and determined that he was a habitual criminal. Appellant now contends that because theft and receiving stolen property are one and the same charge, the jury's acquittal of his theft charge warrants our holding him not guilty of his receiving charge as a matter of law. We do not agree. One commits theft when one "knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use." Ind.Code § 35-43-4-2(a) (Burns Supp. 1982). Our General Assembly created as separate and distinct the crime of receiving stolen property which is committed when

one "knowingly or intentionally receives, retains, or disposes of the property of another person that has been the subject of theft." Ind.Code § 35–43–4–2(b) (Burns Supp.1982). Clearly a person can be guilty of receiving property which had previously been the subject of a theft even though that person did not commit the theft. The jury in the instant case was presented evidence from which it could reasonably infer and find that while Appellant did not participate in the charged burglary and theft, he did receive and retain possession of property which was the subject of the charged theft and which Appellant knew to be stolen property.

During his trial, Appellant tendered to the court the following Final Instruction No. 3:

"You are instructed that under the charge of theft the defendant may be found guilty of the lesser included offense of criminal conversion, a class A misdemeanor.

The crime of criminal conversion is defined by statute as follows...."

The trial court refused this Instruction. It is Appellant's contention that since conversion is a lesser included offense of theft and since theft is the same offense as receiving stolen property, conversion is a lesser included offense of receiving stolen property and the trial court committed reversible error by refusing to give Instruction No. 3. The State argues that under the facts of this case, such an instruction was not warranted and would have served only to suggest a compromise verdict to the jury. Conversion is a lesser included offense of theft. Regardless of Appellant's argument over the purported relationship between the offenses of theft and receiving stolen property, the test for determining whether an instruction on a lesser grade offense should be given is not only whether the lesser grade offense is necessarily included within the greater charged offense but also whether there was evidence adduced at trial to which the lesser included offense instruction would be applicable. *McNary v. State,* (1981) Ind., 428 N.E.2d 1248, 1250; *Rogers*

*v. State,* (1979) Ind., 396 N.E.2d 348, 354. In short, the lesser included offense must exist both in law and in fact. The State correctly points out that there was ample evidence before the jury that a theft of goods from the Ace Hardware Store had occurred. The only question before the jury was the extent of Appellant's participation in the theft. With the completed theft offense acknowledged by all, the trial court committed no error by refusing to instruct the jury on conversion. *McNary, supra; Rogers, supra.*

II

Appellant next contends that according to the facts of his case, the mandatory thirty year sentence provided by statute for his habitual offender conviction is unconstitutional. He specifically claims that the sentence is so disproportionate to his underlying offense of receiving stolen property that it constitutes cruel and unusual punishment. We have already decided this issue contrary to Appellant's position. *State v. Williams,* (1982) Ind., 430 N.E.2d 756, 759; *Funk v. State,* (1981) Ind., 427 N.E.2d 1081, 1086; *Comstock v. State,* (1980) Ind., 406 N.E.2d 1164, 1166.

III

During his trial, Appellant requested the court to instruct the jury on the sentencing provisions of the habitual offender statute, Ind.Code § 35–50–2–8(e) (Burns Supp.1982). His argument to the trial court was that the jury should be informed about the gravity and effect of their deliberations by being instructed that should they find Appellant to be a habitual offender, Appellant would receive a thirty year mandatory sentence. Once again, this Court has already decided this issue contrary to Appellant's position. *State v. Williams,* Ind., 430 N.E.2d at 758; *Griffin v. State,* (1981) Ind., 415 N.E.2d 60, 66; *Comstock v. State,* Ind., 406 N.E.2d at 1166; *Debose v. State,* (1979) 270 Ind. 675, 676, 389 N.E.2d 272, 273.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.