Ronald HUGHES, Leslie Hughes, Appellants,

v.

STATE of Indiana, Appellee.

No. 1280S439.

Supreme Court of Indiana.

Sept. 23, 1983.

James W. Boswell, Terre Haute, for appellants.

Linley E. Pearson, Atty. Gen., G. Douglas Seidman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On June 11, 1980, Defendants-Appellants Ronald Hughes and Leslie Hughes were found guilty by a jury in the Vigo Circuit Court of burglary, a class B felony. The trial court subsequently sentenced each Appellant to a term of twenty years imprisonment. Appellants now directly appeal and present for our review the following two issues:

1. alleged error of the trial court in reading to the jury the State's Instruction No. 1; and

2. refusal of the trial court to suppress certain oral statements made by Appellant Leslie Hughes to the police.

The facts show that at approximately 11:49 a.m. on March 3, 1980, Raymond Bridges and Gary Carpenter were working at Columbia Enameling and Stamping Co. when they observed two black males walk around a nearby house, climb on an air conditioner and enter the house. Bridges and Carpenter immediately called the police and Terre Haute Police Officer James Lindsay was dispatched to the residence to investigate. Lindsay, with the help of several other officers, subsequently arrested Ronald and Leslie Hughes after they jumped from a window on the west side of the house. Lindsay noted that entrance was gained by breaking out a window on the east side of the house. The owner of the house, Franz Tomlinson, later showed the officers where the bedrooms in his house had been ransacked. Tomlinson also showed the police a gun cabinet that was damaged in an apparent effort to force it open. A shotgun that had been hanging on a wall was found on a nearby bed after the burglary. Leslie Hughes admitted to Lieutenant Templeton that he took part in this burglary and said that he entered Tomlinson's residence with the intent to steal some guns. Ronald Hughes told Sergeant Basham that he was just trying to "make a fast buck" so that he could get back to Grand Rapids, Michigan, where he had been residing.

## I

Appellants claim that the trial court erred by giving the State's Instruction No. I. This was the only instruction submitted by the State and was as follows:

> "The court instructs the jury that a person may be convicted of burglary if he breaks and enters with the intent to commit a felony even though he does not actually commit a theft or any other felony."

Appellants now claim that this instruction was incomplete and that the jury should have been further instructed that any lack of evidence concerning the commission of a felony after entry is relevant to the jury's consideration of Appellants' intent at the

time of entry. Appellants cite us no authority for their proposition nor does the record show that Appellants tendered any instruction to the trial court based on their present contention. Appellants accordingly have waived their right to argue this contention on appeal. *Wickliffe v. State,* (1981) Ind., 424 N.E.2d 1007; *Grimes v. State,* (1980) Ind., 412 N.E.2d 75. Furthermore, an examination of the record shows that the jury was fully and adequately instructed on the necessary elements that must be found to convict for burglary. When viewed in the context of all of the final jury instructions, Instruction No. 1 was not incomplete or misleading. No single jury instruction should be evaluated separate from the totality of all of the instructions given to the jury. *Cox v. State,* (1981) Ind., 419 N.E.2d 1279; *Whitacre v. State,* (1980) Ind., 412 N.E.2d 1202.

## II

Appellants next claim that the trial court erred by refusing to suppress certain inculpatory oral statements Leslie Hughes made to Lieutenant Templeton. Templeton testified that he gave proper *Miranda* warnings to Leslie and that Leslie indicated that he understood his rights and agreed to waive them. *See generally Miranda v. Arizona,* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Templeton further testified that after Leslie signed a form indicating his waiver of rights, Leslie willingly made his oral inculpatory statements without inducement, threat or promise. Leslie Hughes does not deny this but claims that he is practically illiterate. Leslie specifically states that he cannot read very well and cannot write, although he can sign his name. Leslie further claims that Officer Rogers talked to him prior to his inculpatory statements to Templeton and that Rogers told him that the statements would not be used against him in court. Rogers allegedly "tricked" Leslie into signing the waiver form by saying "It ain't going to hurt you." Leslie Hughes also claims that Rogers told him that he would put in a good word for him with the trial judge if he cooperated. Although Officer Rogers was in the general vicinity of Leslie Hughes when Hughes made his inculpatory statements to Templeton, there is no evidence other than Leslie Hughes' bare claim that Rogers talked to him or made any promises to him. Templeton testified that the inculpatory statements were made to Templeton and that no mention was made by him or to him of any promises, threats or inducements. Templeton further testified that Leslie indicated that he fully understood all of his rights and chose to waive them. Leslie does not deny Templeton's testimony. The State properly points out that this issue is a question of fact and that, when reviewing the denial of a motion to suppress a confession and the admission of that confession at trial, this Court will not reweigh the evidence. This Court will, however, look to the evidence supportive of the trial court's ruling to determine if it was substantial and probative and hence sufficient to sustain that ruling. *Kern v. State,* (1981) Ind., 426 N.E.2d 385; *Jackson v. State,* (1981) Ind., 411 N.E.2d 609. We now find that the trial court had ample evidence before it to justify it in determining that the inculpatory statements Leslie Hughes made to Lieutenant Templeton were made willingly and voluntarily and after Leslie Hughes had been properly advised of his rights and had waived those rights. We therefore find no error on this issue.

Finding no reversible error, we affirm the trial court in all things.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.