**Michael Anthony WHITE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1185S461.**

Supreme Court of Indiana.

July 31, 1986.

Charles A. Beck, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Michael Anthony White was convicted at the conclusion of a jury trial in the Marion County Superior Court of robbery, a class B felony; theft, a class D felony; and resisting law enforcement, a class A misdemeanor. He was sentenced to twenty (20) years for robbery, four (4) years for theft, and one (1) year for resisting, all sentences to be served consecutively for a total sentence of twenty-five (25) years. On direct appeal the following issues are raised:

1. sufficiency of the evidence;

2. denial of Appellant's Motion to Suppress Testimony; and

3. sentencing.

On March 7, 1982, a clerk at the Danoby Food Store in Indianapolis, Indiana, observed Appellant enter the store. Appellant approached the cashier station, paid a cashier for cigarettes and a candy bar,

pointed a knife at the cashier, reached into the cash register, took approximately $203.00, put the money in his coat pocket, and fled. At the Terrace Park Motel he briefly spoke with a clerk. The clerk saw police cars in the area, spoke with Officer Jones, and told him that Appellant had just been there. Jones saw Appellant in a near-by field, approached him and ordered him to stop, but Appellant fled. After several unsuccessful attempts to stop Appellant, Jones fired at Appellant, who continued to flee. Officers Parish and Grannon heard gunshots and saw Appellant running. Appellant again ignored orders to stop from the police officers. Grannon then fired at Appellant, who fell to the ground. A search of Appellant revealed a large amount of money, a candy bar, and a knife as well as a bracelet and social security card which were identified by Kerry Stumbo as having been stolen from him. Appellant began to volunteer statements about the robbery but Grannon instructed him to be silent. Appellant told Parish he was in the store and the cashier gave him money. When Grannon handcuffed Appellant, Appellant told him he entered the store and asked the cashier for money. Grannon immediately advised Appellant of his *Miranda* rights. Appellant subsequently was transported to Wishard Hospital where he informed Officer Merhlich that he did not rob anyone but merely asked for money.

I

■ Appellant claims the trial court erred in denying his motion for judgment on the evidence, that there was insufficient evidence before the jury to convict him, and that the verdict was thus contrary to law. If the evidence is sufficient to sustain a conviction on appeal, then the denial of a motion for a directed verdict cannot be error, and the verdict is not contrary to law. *Vincent v. State* (1986), Ind., 489 N.E.2d 49, 53. In order for a trial judge to grant a motion for a directed verdict, there must be a total lack of evidence upon some essential issue, or the evidence must be without conflict and susceptible of only one inference, that being the defendant's inno-

cence. *Id.* In reviewing sufficiency of evidence issues, we do not reweigh the evidence or judge the credibility of witnesses, and will consider only that evidence most favorable to the State, along with all reasonable inferences drawn therefrom. If there is substantial evidence of probative value to support the conviction, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

■ Appellant's attack on the sufficiency of the evidence goes directly to the element of intent. The element of intent can be proven by the surrounding circumstances. *Warfield v. State* (1981), 275 Ind., 396, 401, 417 N.E.2d 304, 307. At the outset of this opinion we set forth ample evidence from which the jury could reasonably infer that Appellant had the intent to commit the crimes of robbery and resisting law enforcement for which he was convicted.

■ Appellant's conviction for theft was based on different facts. Kerry Stumbo testified that a diamond studded bracelet and Social Security card was stolen from his office in February, 1982. He had reported the theft to the police at that time. The bracelet and Social Security card were in a briefcase with other items in Stumbo's office in the 8000 block of Pendleton Pike, Indianapolis, Indiana. The bracelet was readily identifiable by Stumbo since it contained diamonds which were placed on the bracelet so that they spelled the name "Kerry." The Social Security card included Kerry Stumbo's name, Social Security number, and other personal information. When Appellant was apprehended by the police for the robbery on March 7, 1982, these items were found in his personal possession. Appellant now claims mere possession of the items presented insufficient evidence to convict him of their theft.

Although the evidence is circumstantial, we find it to be sufficient. The facts here are very similar to those in *Muse v. State* (1981), Ind., 419 N.E.2d 1302, 1304, in which this Court stated:

"It is well settled that unexplained possession of stolen property shortly after the time of the theft is a circumstance from which a jury is entitled to draw an inference of guilt. *Vaughn v. State,* (1971) 255 Ind. 678, 266 N.E.2d 219; *Bolton v. State* (1970) 254 Ind. 648, 261 N.E.2d 841; *Cotton v. State,* (1965) 247 Ind. 56, 211 N.E.2d 158. It is not contested in this case that the van found in defendant's exclusive possession was a stolen vehicle. The circumstances pointed to defendant's possession of the van within three weeks of the theft and his continued use thereafter. Defendant did not testify and presented no evidence which would explain his possession of the stolen property. He did not have a proper registration for the vehicle. What inferences were to be drawn from these circumstances were matters for the jury and not this Court. *Vaughn v. State, supra.* From all of the circumstances outlined above, we find that there was sufficient evidence of probative value to support the jury's verdict."

*See also Ward v. State* (1982), Ind., 439 N.E.2d 156, 159, *reh. denied* (1982). In *Burton v. State* (1984), Ind., 462 N.E.2d 207, 209, this Court found mere possession of stolen goods by the defendant, even though recently after its theft, was not sufficient to convict the defendant, but in that case there was a question of identity of the vehicle as actually being the one that was stolen. Here, there is no question about the identity of the property because of its very nature, and no question but that it had been stolen only weeks before it was found in Appellant's possession. The nature of the items themselves is significant also in determining the probative character of the evidence justifying the jury's inference that they were stolen by Appellant. There was no evidence to justify or explain Appellant's possession of these items that would give reasonable inferences other than their theft by him. The Social Security card was obviously the property of Kerry Stumbo since it carried his name and other personal identifying features. The bracelet was of rather high value and had diamonds arranged so that they spelled the name "Kerry." Under these circumstances, there was sufficient evidence to support the theft conviction. *Muse,* Ind., 419 N.E.2d at 1304; *Ward,* Ind., 439 N.E.2d at 159.

## II

Appellant maintains the trial court erred in denying his several motions to suppress the testimony of police officers regarding statements Appellant made to them following his apprehension. He contends the statements were elicited from him in violation of *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and, in the alternative, that his mental capacity was so diminished that the statements should not have been permitted into evidence.

 The record shows that none of the statements at issue were the result of an interrogation. In fact, when Appellant attempted to volunteer statements, he was advised of his *Miranda* rights and instructed to be silent. The requirements of *Miranda* do not apply beyond coercive custodial interrogation. *Hill v. State* (1984), Ind., 470 N.E.2d 1332, 1335; *Resnover v. State* (1984), Ind., 460 N.E.2d 922, 932, *reh. denied* (1984), U.S. *cert. denied* (1984) —— U.S. ——, 105 S.Ct. 231, 83 L.Ed.2d 160; *Partlow v. State* (1983), Ind., 453 N.E.2d 259, 269, *reh. denied* (1984), U.S. *cert. denied* (1984), 464 U.S. 1072, 104 S.Ct. 983, 79 L.Ed.2d 219. Any statement made freely, voluntarily, and without any compelling influence is admissible evidence. *Rhode Island v. Innis* (1980), 446 U.S. 291, 299, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297, 307; *Roberts v. United States* (1980), 445 U.S. 552, 560–561, 100 S.Ct. 1358, 1364, 63 L.Ed.2d 622, 631. Likewise, Appellant's assertion that his mental capacity was diminished also is without merit. Appellant shows no evidence of coercion, nor does he show that his statements were made as a result of diminished capacity due to being shot. Rather, the record clearly shows Appellant's statements to be freely and voluntarily made.

### III

Finally, Appellant alleges the trial court erred in sentencing him without giving reasons for an enhanced sentence. His entire argument is as follows:

"The Defendant raises as additional error the deficient sentencing procedures of the trial court in its consideration of aggravating factors in arriving at a total sentence of 25 years on all counts of the Information. *McBrady v. State* (1984), 459 N.E.2d 719, [sic] clearly requires that the trial court provide a statement of the court's reasons for the enhancement of a presumptive sentence for aggravating factors. General impressions or conclusions as is the case herein (R. 369) are not sufficient."

It is within the discretion of the trial court to impose aggravated or consecutive sentences. *Lash v. State* (1982), Ind., 433 N.E.2d 764, 765–766; Ind. Code § 35–50–1–2 (Burns 1985). In deciding such, the trial court may consider the aggravating circumstances listed in Ind. Code § 35–38–1–7(b) or any other aggravating circumstances. Ind. Code § 35–38–1–7(d) (Burns Supp.1985). In enhancing a presumptive sentence the court must state the factors it considered in doing so. *Borom v. State* (1984), Ind., 470 N.E.2d 712, 715.

On numerous occasions during the sentencing hearing, the trial court referred to Appellant's criminal past. The trial court stated:

"Under Count I, I find there are aggravating circumstances that warrant an increase from the presumptive sentence of ten years to twenty years, that being your extensive criminal history and inability to conform to society's rules ... Count III, Theft, I find there are aggravating circumstances that warrant an increase from the presumptive sentence of two years to four years. Again, that being your extensive criminal history...."

This statement, although brief, is sufficient to support the sentence imposed. Its reliance on Appellant's extensive criminal history and inability to conform to society's rules is amply supported by the record, which shows a criminal history spanning seven states and including theft, possession of stolen property, conspiracy and criminal attempt to rob, a fugitive warrant from a Georgia Sheriff's Department, car theft, possession of concentrated cannabis, dealing in a controlled substance, three counts of burglary, two counts of petty theft, two counts of receiving stolen property, exhibition of a deadly weapon, possession of marijuana, and a violation of the 1935 Beverage Act.

The trial court is affirmed.

GIVAN, C.J., and SHEPARD, and DICKSON, JJ., concur.

DeBRULER, J., concurs and dissents without separate opinion.