**David ZAVESKY, Appellant
(Defendant below)**

v.

**STATE of Indiana, Appellee
(Plaintiff below)**

No. 45S00–8605–CR–461.

Supreme Court of Indiana.

Nov. 25, 1987.

Diane McNeal, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On October 31, 1985, a jury found Defendant–Appellant David Anthony Zavesky guilty of theft, a class D felony. The jury then found him to be an habitual offender. The court imposed a sentence of four years imprisonment for the class D felony, enhanced by sixteen years for the habitual offender finding. Several issues are raised in this direct appeal regarding the conviction and enhancement, but because of our disposition of the habitual offender finding, we need address only the following three issues:

1. whether the court erred in refusing Zavesky's tendered instruction on criminal conversion as a lesser included offense of theft;

2. whether the court erred in refusing to allow Zavesky to cross-examine Hugh Brooks concerning the filing of conversion charges in Hammond City Court; and

3. whether the conviction is supported by sufficient evidence.

The facts show Zavesky rented a sleeping room in a house from Edna Wittig in Hammond, Indiana. Late at night on August 18, 1984, he was seen pulling boards off a pool deck in Wittig's backyard. The next day, Zavesky parked a red 3–wheel Honda motorcycle under the pool deck and chained it to the deck. Mrs. Wittig saw him riding the 3–wheel motorcycle. This motorcycle belonged to Hugh Brooks who had reported it stolen from his motorcycle dealership on August 17, 1984. On August 27, 1984, Brooks observed his 3–wheel motorcycle at the Wittig residence. Brooks later identified his motorcycle for the police. The police questioned Wittig about the motorcycle, and subsequently arrested Zavesky.

A fundamental defect in the proof of sequence of the prior felonies supporting the habitual offender determination has oc-

curred, rendering the evidence insufficient to support the habitual offender determination. To sustain a sentence under the habitual offender statute, the State must show that the defendant had been twice convicted and twice sentenced for felonies. The commission of the second offense must have been subsequent to the sentencing on the first offense, and the commission of the principal offense on which the enhanced punishment is being sought must be subsequent to the sentencing on the second conviction. *Jordan v. State* (1987), Ind., 510 N.E.2d 655, 659; *Steelman v. State* (1985), Ind., 486 N.E.2d 523, 526; Ind.Code Ann. § 35–50–2–8 (Burns Supp.1987). *Jordan* and *Steelman* vacated habitual offender determinations on the ground there was no evidence in the record of the date of the commission of the offense to which the second prior conviction alleged in the information related. The same problem occurs here because the State documented Zavesky's convictions through the commitment records of the Department of Correction which did not show the date of commission of the second offense. As the record lacks evidence of the date of commission of the offense to which the second conviction relates, the habitual offender determination cannot stand.

## I

Zavesky claims the trial court committed reversible error by refusing to give his tendered jury instruction and verdict form on conversion, as a lesser included offense of theft. The test for determining whether an instruction on a lesser grade offense should be given is (1) whether the lesser grade offense is necessarily included within the greater charged offense, and (2) whether there was evidence adduced at trial to which the lesser included offense instruction would be applicable. *Wells v. State* (1982), Ind., 441 N.E.2d 1366, 1368. In considering whether any error results from refusal of a tendered instruction, this Court must determine (1) whether the tendered instruction correctly states the law, (2) whether there is evidence in the record to support the giving of the instruction, and (3) whether the substance of the tendered instruction is covered by other instructions which are given. *Richey v. State* (1981), Ind., 426 N.E.2d 389, 395.

The element of theft not found in the criminal conversion statute is "with intent to deprive the other person of any part of its use or value." Ind.Code Ann. § 35–43–4–3 (Burns 1985); Ind.Code Ann. § 35–43–4–2 (Burns Supp.1987). Conversion is a lesser included offense of theft, but a trial court may properly refuse to instruct the jury on a lesser included offense where it is not supported by the evidence. *Snuffer v. State* (1984), Ind. App., 461 N.E.2d 150, 155. Here, the court refused the instruction because the evidence did not sustain a finding of criminal conversion in that the identification numbers had been removed from the motorcycle and no evidence indicated the possibility Zavesky would return the motorcycle.

Zavesky argues there was ample evidence to support the tendered instruction. He claims a filed down identification number is not sufficient evidence to prove he intended to deprive the owner of any part of the value or use of his motorcycle nor that he was the person who filed down the identification numbers. Here, however, the trial court found the element of "intent to deprive" was established by the evidence showing the removal of the motorcycle's identification serial numbers and decals. Errors in giving or refusing of instructions are harmless where a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. *Grossenbacher v. State* (1984), Ind., 468 N.E.2d 1056, 1059. The evidence clearly established the offense of theft. Zavesky's tendered instruction was properly refused.

## II

Zavesky claims the trial court abused its discretion in not allowing him to cross-examine Hugh Brooks, the owner of the motorcycle, concerning the original filing of criminal conversion charges in Hammond City Court. The State's objection to this line of questioning was sustained on the basis it was the prosecutor's prerogative

where to file charges and this line of questioning was inappropriate. Zavesky argues he should have been able to pursue Brooks's pressure to have greater charges filed against him because it showed Brooks's motive to exaggerate or falsify his testimony. Zavesky asserts the testimony would have displayed that Brooks wanted someone to pay for the theft of his motorcycle which would have been relevant to Brooks's credibility.

■ The trial judge has broad discretion in the control of cross-examination, and only a clear abuse of that discretion warrants reversal. *Carter v. State* (1987), Ind., 505 N.E.2d 798, 800. To show an abuse of discretion by the trial judge in controlling the scope of cross-examination, Zavesky must show how he was prejudiced by the trial judge's actions. Criminal prosecutions cannot be instituted by private individuals; only the prosecuting attorney has the power to file a criminal indictment or information. Ind.Code Ann. § 35–34–1–1 (Burns 1985). This area of inquiry was therefore an erroneous attempt by Zavesky to show the victim was overly vindictive. Further, Zavesky has not shown how he was prejudiced. Zavesky's defense counsel elicited testimony from Brooks about his conversation with a newspaper reporter concerning the charge being treated as a misdemeanor, a smaller category than Brooks thought it warranted. Brooks also testified he thought more serious things should be done to Zavesky as a result of the theft than merely being charged with a misdemeanor offense. Thus, the court did not err in preventing Zavesky from further delving into the area of filing of charges.

### III

Zavesky claims the jury's verdict is not supported by sufficient evidence. Zavesky maintains the State failed to prove he intended to deprive Brooks of any part of the value or use of the motorcycle. Specifically, Zavesky claims there is no evidence indicating that he either removed the motorcycle from Brooks's garage or that he filed down the identification number. Also, Zavesky claims there was no evidence linking the motorcycle that was recovered to him. As a court of review, we do not judge the credibility of witnesses nor reweigh the evidence. Rather, we look only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact the verdict will not be overturned. *White v. State* (1986), Ind., 495 N.E.2d 725, 727.

■ Unexplained possession of stolen property shortly after the time of the theft is a circumstance from which a jury is entitled to draw an inference of guilt. *White*, 495 N.E.2d at 728, citing *Muse v. State* (1981), Ind., 419 N.E.2d 1302, 1304. A neighbor testified he saw Zavesky remove a portion of the pool deck during the early morning hours of August 18 and later the same morning, he saw a red three-wheel motorcycle chained under a pool deck. Zavesky's landlady testified Zavesky chained the motorcycle under the pool deck. The motorcycle was recovered from the residence of Zavesky's landlady. The evidence here shows Zavesky concealed and possessed the motorcycle as though it were his, and thus, the evidence is sufficient to sustain the conviction.

The cause is remanded to the trial court with directions to set aside the habitual offender finding consistent with this opinion. The trial court is in all other respects affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.