Richard A. WOJTOWICZ, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S03–8910–CR–787.

Supreme Court of Indiana.

Oct. 20, 1989.

Stephen Bower, Cohen & Thiros, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Third District Court of Appeals. Richard A. Wojtowicz appealed from his convictions of four counts of Theft and one count of Corrupt Business Influence after a jury trial in Lake County Superior Court.

The facts as set out by the Court of Appeals are as follows:

The evidence presented at trial revealed that four cars, a 1979 Cadillac, a 1981 Oldsmobile, a 1965 Corvette, and a 1979 Pontiac, were sold by Richard Wojtowicz during a time period spanning from June 25, 1980 to July 19, 1982. All four cars were later discovered to have been stolen and the public vehicle identification numbers for all four cars had been either tampered with or removed. The State presented evidence at trial that Wojtowicz was aware that the cars were stolen. This evidence included records that revealed that purchases of wrecked "salvage" cars of similar models and years of the stolen cars were made in the names of either Wojtowicz's business associates or ficticious (sic) people using the address of Wojtowicz's auto body business in Gary. These purchases were apparently made for the purpose of "retagging" the stolen cars with the salvage cars' public identification numbers. This evidence also included testimony that, af-

ter the Indiana State Police started its investigation in this case, Wojtowicz told the buyer of the 1965 Corvette that the car may have been stolen. The State also presented evidence that the cars sold by Wojtowicz were not titled in his name and that Wojtowicz had actively participated in the falsification of car titles.

In his defense, Wojtowicz testified that he was not aware that the cars were stolen. Wojtowicz testified that his role in the sale of these cars was that of a middle man for one Leo "Rollie" Singer and that, after repainting and selling the cars, he received a set fee from Singer who kept the bulk of the proceeds from the sale of the cars. Singer's whereabouts were unknown at the time of the trial. Also testifying in Wojtowicz's defense was Franceen Scegiel, a former secretary to Singer, who stated that although she was involved in the process of obtaining titles for cars later sold by Singer, she too was never aware that the cars were stolen. Several people who had purchased cars and car parts from Wojtowicz testified that they did not have problems with these cars or parts having been stolen and two of the purchasers of the stolen cars testified that they had no such problems in other dealings with Wojtowicz.

*Wojtowicz v. State* (1987), Ind.App., 510 N.E.2d 187, 188–89.

Wojtowicz tendered a final instruction regarding criminal conversion as an included crime of theft. This tendered instruction was refused by the trial court and the Court of Appeals reversed the trial court on this issue. The Court of Appeals held that, since there was a conflict in the evidence on the question of whether Wojtowicz knew the vehicles were stolen, the jury could find on a resolution of that conflict that Wojtowicz had, in fact, committed criminal conversion but did not commit the crime of theft.

Because resolution of this evidentiary conflict would not have that effect, we vacate the opinion of the Court of Appeals and affirm the trial court.

Criminal conversion is a lesser included offense of theft. *Wells v. State* (1982), Ind., 441 N.E.2d 1366, 1368. It is well established, however, that a trial court may properly refuse to give a tendered instruction regarding included offenses when not supported by the evidence presented at trial. *Jones v. State* (1982), Ind., 438 N.E.2d 972; *Harris v. State* (1977), 266 Ind. 661, 662, 366 N.E.2d 186, 188. The *Jones* Court held that the fact that a lesser offense is included within the crime charged does not *ipso facto* entitle either the State or the defendant to an instruction on the lesser included offense; it must also be determined whether the evidence warrants submission of the instruction to the jury. The *Jones* Court further held that an examination of the evidence should focus on two questions: 1) whether there was probative evidence that the lesser included offense was committed by the defendant; and 2) whether either affirmative evidence that the charged offense was not committed or a lack of probative evidence that the charged offense was committed was presented to the jury. 438 N.E.2d at 975–76. If this examination reveals evidence both supporting the lesser included offense conviction and questioning the commission of the charged offense, an instruction on the lesser included offense is proper. *Jones* further concluded that, if the defense theory is incompatible with the possibility that the lesser included offense was committed by the defendant, the defendant is not entitled to an instruction on the lesser included offense. *Id.* at 976–77. *See also Maisonet v. State* (1983), Ind., 448 N.E.2d 1052, 1055 (where there was substantial uncontested evidence of defendant's intentional acts, there was no error in refusing to give a tendered instruction on conversion); *Holland v. State* (1983), Ind., 444 N.E.2d 1190, 1192 (where defendant was charged with felony murder and interposed defense of self defense and State's evidence pointed to the accused's guilt, there was no evidence to which the lesser included offense instruction was applicable). *Snuffer v. State* (1984), Ind.App., 461 N.E.2d 150, 155–56.

**564**

In the case at bar, there was evidence supporting a finding of guilty of either criminal conversion or theft. The Court of Appeals found there was sufficient evidence presented at trial supporting a conviction for theft. The question is whether the evidence tended to prove the lesser included offense was proven and the greater offense was not.

The case of *Snuffer, supra,* presented a very similar set of circumstances to the instant case. Snuffer was charged with theft of a motor vehicle. His tender of an instruction on the lesser included offense of conversion was refused and he claimed the refusal was erroneous because he claimed he owned the vehicle involved and there was not sufficient evidence that he took it from Brown. Judge Garrard, writing for a unanimous court in *Snuffer,* stated:

> Snuffer's defense throughout the trial was that the vehicle involved was owned by him; i.e., that he did not exert *unauthorized* control over property of *another person.* These elements are common to both theft and conversion so if Snuffer was found not guilty of theft he would be not guilty of conversion as a matter of law. "Intent to deprive," the only element of theft that is not a part of conversion, was not in issue.

*Id.* at 156 (emphasis in original).

There is no conflict in the evidence that Wojtowicz's actions demonstrated an intent to deprive the owners of any part of the vehicle's value or use. IC 35–43–4–2(a). He sold the vehicles to other persons for which he received money. The conflict in the evidence refers to the "knowingly or intentionally exerting *unauthorized* control over property of another person." This element is common to both theft and conversion. If the evidence failed to show that Wojtowicz knew the vehicles were stolen, there would be insufficient evidence that he knowingly or intentionally exerted unauthorized control over the vehicles and would be guilty of neither theft nor conversion. There was conflict in the evidence on this point and the jury resolved this conflict against the defendant. Since the intent to deprive element was proved without conflict, the court properly refused the tendered instruction. *Jones, supra; Snuffer, supra.*

 Wojtowicz's second claim of error was that there was insufficient evidence to support his conviction for corrupt business influence pursuant to Ind.Code § 35–45–6–2. The necessary element for proof of this crime is establishment of a pattern of racketeering activity. *4447 Corp. v. Goldsmith* (1987), Ind., 504 N.E.2d 559, 566, *rev'd on other grounds sub nom. Fort Wayne Books, Inc. v. Indiana* (1989), —— U.S. ——, 109 S.Ct. 916, 103 L.Ed.2d 34; Ind.Code §§ 35–45–6–1 and 2. There was more than sufficient evidence to establish this pattern.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN, and DICKSON, JJ., concur.

DeBRULER, J., dissents without opinion.